**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION**

JEFFREY B. SCOTT,

    Plaintiff,

v.   CASE NO.: 9:21-cv-82054

CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY NO.
B0901LI1837279 and RLI INSURANCE
COMPANY,

    Defendants.

_____/

**DEFENDANTS CERTAIN UNDERWRITERS AT LLOYD'S, LONDON
REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Those Certain Underwriters at Lloyd's, London and the Insurance Company Subscribing to Policy No. B0901LI1837279 (collectively, "Underwriters"), by and through their attorneys, Kaufman Dolowich & Voluck, LLP, and pursuant to Fed. R. Civ. P. 12(b)(6) and Local Civil Rule 7.1(a)(1), submit this Reply Memorandum of Law in Further Support of their Motion to Dismiss the Amended Complaint (Dkt. 76) filed by Jeffrey B. Scott ("Scott" or "Plaintiff"), for failure to state a claim upon which relief can be granted. In support thereof, Underwriters state as follows:

**ARGUMENT**

**I.   Plaintiff's Amended Complaint Fails To Plead A Claim For Declaratory Relief**

The Declaratory Judgment Act requires that Plaintiff must establish the existence of an actual substantial and continuing controversy. *Emory v. Peeler*, 756 F.2d 1547, 1551–52 (11th Cir.1985). Demonstrating that a case or controversy exists requires Plaintiff to "allege facts from

which it appears there is a substantial likelihood that he will suffer injury in the future" such that the injury "will continue or will be repeated in the future." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir.1999). In addition, the controversy must be "live" throughout the case and not in respect of a previously existing dispute." *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 747 (11th Cir. 1991). Plaintiff purportedly settled the alleged "Claim" that he asserts triggers coverage under Professional Liability ("PL"), Directors & Officer's Liability ("D&O") and Fiduciary Liability Insurance policy number B0901LI1837279 (the "Policy"). A. Compl. ¶¶ 74, 103. Thus, any loss purportedly sustained from same is liquidated and not continuing. Underwriters denied coverage for Plaintiff's dispute with his former employer because no Claim, as defined in the Policy was made. Plaintiff sued Underwriters for breach of the Policy. This Court previously ruled in Underwriters' favor as a matter of law.

Plaintiff now purports to seek a judicial declaration that Underwriters are liable under the Policy for the alleged Claim. A. Compl. ¶ 114. However, the true justiciable controversy between Plaintiff and Underwriters is whether or not Underwriters' denial of coverage breached the Policy, *i.e.*, a breach of contract cause of action as previously pled and dismissed by this Court. Plaintiff acknowledges this is really a breach of contract action by asserting the same alleged facts for his breach of contract action against RLI Insurance Company. A. Compl. ¶¶ 108, 115, and 123.

Plaintiff alleges no continuing controversy in the Amended Complaint such that he may suffer further injury in the future. Seeking redress of a past injury "does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Interstate Fire & Cas. Co. v. Kluger, Peretz, Kaplan & Berlin, P.L.*, 855 F.Supp.2d 1376, 1379 (S.D. Fla. 2012) (*citing Nat'l Union Fire Ins. Co. of Pittsburgh, Pa v. Int'l Wire Grp.*, No. 02 Civ. 10338(SAS), 2003 WL 21277114, at *5 (S.D.N.Y. Jun. 2, 2003) (dismissing insurer's declaratory

judgment claim against primary insurer because it did "not seek a prospective determination of its rights and responsibilities under the insurance contract (so that it can avoid future damages), but rather a finding that it is not liable for damages alleged to have already accrued")).

Notwithstanding the above, Plaintiff argues in his Response to Underwriters' Motion to Dismiss (Dkt. 94) (the "Response") that dismissal of his cause of action for declaratory judgment is improper and would be tantamount to this Court prematurely deciding the merits of this action. Dkt. 94, pg. 8. In essence, Plaintiff argues this Court cannot yet determine whether coverage is triggered under the Policy. However, if Underwriters have no obligation to Plaintiff under the Policy as a matter of law, as this Court has already determined, there is no justiciable controversy for which this Court can provide redress. See *Mauricio Martinez, DMD, P.A. v. Allied Ins. Co. of Am.*, 483 F. Supp. 3d 1189, 1192 (M.D. Fla. 2020) (finding no controversy existed under an insurance policy for a declaratory judgment action after determining the plaintiff failed to sufficiently plead a breach of contract action).

Despite Plaintiff's contention to the contrary, courts routinely dismiss causes of action for declaratory relief at this stage in litigation. In *Reuter v. Lancet Indem. Risk Retention Grp., Inc.*, for example, the insured received a letter that it contended constituted a claim under two insurance policies. *Reuter v. Lancet Indem. Risk Retention Grp., Inc.*, No. 16-80581-CIV, 2016 WL 9255046, at *3 (S.D. Fla. Dec. 15, 2016). The insurer denied coverage for the purported claim because the letter did not include a present demand. *Id*. The insured filed suit against the two insurers and asserted declaratory judgment and breach of contract causes of action against both. *Id*. One insurer sought dismissal of the actions against it, arguing that the insured failed to plead that the letter and other documents identified in the complaint constituted a claim. *Id*. The insured argued that dismissal would be improper as it would prematurely require an interpretation of the policy. *Id*. at

3

\*4. This Court rejected the insured's "attempt to erect artificial factual and pleading barriers to this Court's resolution of the parties' coverage dispute." *Id*. This Court found the letter at issue did not constitute a claim and dismissed the declaratory judgment and breach of contract actions against the insurer. *Id*. at \*7.[1] As in *Reuter*, Plaintiff has not and cannot plead facts sufficient to support his declaratory judgment action against Underwriters and it should be dismissed.

## II.     No Claim Was Made Against Plaintiff During The Policy Period

This Court previously analyzed the correspondence Plaintiff received on October 24, 2019 (A. Compl. ¶ 54; Dkt. 42-1, pgs. 8-9), October 25, 2019 (A. Compl. ¶ 60; Dkt. 42-1, pg. 13), and November 13, 2019 (A. Compl. ¶ 61; Dkt. 42-1, pgs. 26-30) (collectively, the "Correspondence") and "[b]ased upon the facts alleged in the [Complaint], the Court [found], "as a matter of law, that no claim has been alleged." Dkt. 45, pg. 9. Interpretation of an insurance policy is, of course, a matter of law. *Gulf Tampa Drydock Co. v. Great Atl. Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir. 1985). The Law of the Case Doctrine "provides that when a court decides upon a rule of law, that decision should continue to govern the same issue in subsequent stages in the same case." *Musacchio v. United States*, 136 S. Ct. 709, 716 (2016). The doctrine is intended to "regulate judicial affairs before final judgment." *Stoufflet v. United States*, 757 F.3d 1236, 1240 (11th Cir. 2014) (citing 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478 (2d ed.1987)). Although the doctrine is often utilized after an appeal in a case, an appeal is not required

---

[1] See also, e.g., *Meir v. Hudson Specialty Ins. Co.*, No. 21-CV-61409, 2022 WL 787942, at \*4 (S.D. Fla. Feb. 7, 2022), *report and recommendation adopted*, No. 21-61409-CV, 2022 WL 783217 (S.D. Fla. Mar. 15, 2022) (dismissing count for declaratory judgment for failure to show an actual imminent controversy exists); *Addison Ins. Co. v. 4000 Island Boulevard Condo. Ass'n, Inc.*, 263 F. Supp. 3d 1278, 1280 (S.D. Fla. 2015) (dismissing declaratory judgment action for failing to allege why parties are in doubt as to their rights and that coverage was sought and denied under policy); *Estrada v. Am. Sec. Ins. Co.*, No. 8:14-CV-01588-EAK, 2015 WL 1333323, at \*2 (M.D. Fla. Mar. 24, 2015) (dismissing declaratory judgment action for failing to allege an ambiguity in the policy or how the plaintiff was uncertain as to rights in addition to being duplicative of a breach of contract action); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1348 (11th Cir. 1999) (dismissing declaratory judgment action for only alleging past injuries and failing to allege likelihood of a future injury).

for its application. *See Royal Ins. Co. v. Latin Am. Aviation Servs.*, Inc., 210 F.3d 1348, 1349 (11th Cir. 2000) (finding district court properly applied the doctrine in a second ruling issued by the court due to a previous order entered by the same court).

Plaintiff did not seek leave to appeal or have this Court reconsider its prior determination that, as a matter of law, no Claim was made during the Policy Period. Plaintiff was given the opportunity to file an Amended Complaint to plead facts sufficient to establish that a Claim was made during the Policy Period. However, the Amended Complaint only contains new allegations relating to communications well after the Policy Period.[2] Accordingly, this Court's prior ruling that the Correspondence does not constitute a Claim as a matter of law should be upheld.[3]

Even if this Court finds the Law of the Case Doctrine does not apply, the Correspondence does not constitute a Claim for the same reason upon which this Court based its prior ruling: the Correspondence contains no present demand for monetary relief made upon Plaintiff. Because the Amended Complaint fails to contain any additional allegations of written correspondence received by Plaintiff during the Policy Period that could constitute a Claim, as defined, there remains no Claim made against Plaintiff during the Policy Period. To the extent Plaintiff alleges that subsequent communications between Plaintiff and Gemini change the nature of the Correspondence such that it constitutes a Claim, Plaintiff is asking this Court to find words that simply do not exist in the Policy. Doing so would create an absurd result and materially change the nature of a Claims-made policy. *Navigators Ins. Co. v. Fla. Dep't of Fin. Servs.*, No. 4:12CV491-RH/CAS, 2014 WL 11958628, at *2 (N.D. Fla. Jan. 9, 2014) ("A policy's limitation to claims made during the policy period is fully

---

[2] In his Response, Plaintiff argues (for the first time) that he provided a notice of circumstance such that any purported Claim will be "deemed made" during the Policy Period. Dkt. 94, pgs. 17-20. "Deemed made" explicitly refers to such a claim failing under the certain policy (rather than a subsequent policy) versus a Claim actually being made. See Dkt. 1-2, pgs. 64-65. This issue is further addressed below.
[3] Underwriters do not argue the Law of the Case Doctrine applies to those allegations in the Amended Complaint that are not present in Plaintiff's initial Complaint or at issue in this Court's prior ruling.

5

enforceable and must be scrupulously honored"); see also *Clarendon National Ins. Co. v. Muller*, 237 F. App'x 451, 452 (11th Cir. 2007) and *National Fire Ins. v. Bartolazo*, 27 F.3d 518 (11th Cir. 1994). Therefore, Plaintiff's action against Underwriters must fail.

### III.   The PL Coverage Section Is Inapplicable To The Dispute

The PL Coverage Section of the Policy provides, in relevant part, that Underwriters will pay for Loss sustained by an Insured arising from a Claim for any Wrongful Act of the Insured in rendering or failing to render Professional Services. A. Compl. ¶ 12; Dkt. 1-2, pg. 41. Professional Services means "any advice or services or duties actually, or required to be, provided, undertaken, given or rendered by or on behalf of the Insured for or on behalf of a policyholder or a customer or client of an Organization in the ordinary course of its business." A. Compl. ¶ 17; Dkt. 1-2, pg. 44. According to the Amended Complaint, the ordinary course of Gemini's business was to provide property and casualty insurance policies primarily to the Florida insurance marketplace. A. Compl. ¶ 41.

The Policy defines Client as "a person or entity for whom or for which the Insured provides Professional Services." Dkt. 1-2, pg. 41. "Customer" and "policyholder" are not defined in the Policy but are unambiguous. "Customer" commonly means "[a] buyer or purchaser of goods or services." CUSTOMER, Black's Law Dictionary (11th ed. 2019). "Policyholder" commonly means "[s]omeone who owns an insurance policy, regardless of whether that person is the insured party." POLICYHOLDER, Black's Law Dictionary (11th ed. 2019). Clearly, in the context of the subject Policy having been issued to Gemini, an insurance company, reference to services being provided to a "policyholder" unambiguously references services being provided to holders of policies issued by Gemini.

6

Despite Plaintiff's lengthy recitation of allegations made against him, he fails to allege how this matter involves Professional Services, as defined. Professional Services, as defined in professional indemnity policies, are distinguished from those commercial or business activities arising from the insured's efforts to set the stage for the performance of Professional Services. *Propis v. Fireman's Fund Ins. Co.*, 492 N.Y.S.2d 228, 231 (4th Dep't 1985), aff'd, 498 N.Y.S.2d 363 (1985). "Whether an act arises from the performance of a professional service is determined by focusing on the particular act itself, as opposed to the character of the person performing the act." *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh*, PA., 143 F. Supp. 3d 1283, 1297 (S.D. Fla. 2015), *aff'd sub nom. Stettin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 861 F.3d 1335 (11th Cir. 2017). Professional Services are those performed for customers or clients *on behalf of* the insured entities, not those performed *for* the insured entities. The purported misconduct by Plaintiff occurred solely in connection with the operations and management of Gemini and Holdings, LLC.[4] These allegations have nothing, implicitly or explicitly, to do with services "for or on behalf of a policyholder or a customer or client of an Organization in the ordinary course of its business." This coverage was clearly meant to respond to Claims brought by a customer or client of Gemini; *i.e.*, a person or entity who obtained an insurance Policy issued by Gemini and/or its subsidiaries because that was the "ordinary course of Gemini's business." A. Compl. ¶ 41. Allegations of "disregard[ing] the Board's actions," "us[ing] Company resources for his own personal benefit," and "tortiously interfere[ing] with and destabaliz[ing] the Company" have nothing to do with Professional Services, as defined. See Dkt. 94, pg. 16.

Plaintiff also argues that Exclusions (i) and (j) do not apply because the purported Claim against him was made by Holdings, LLC, the Named Insured in the Policy. See Dkt. 94, pg. 15.

---

[4] Using "Holdings, LLC" as that term is used in the Amended Complaint.

Thus, Plaintiff implies that "policyholder" as used in these provisions refers to an Insured under the Policy at issue in this matter, not a policy issued by Gemini or its subsidiaries. Such an interpretation of "policyholder" is illogical and would render multiple provisions of the Policy superfluous. For example, Exclusions (i) and (j) would be rendered meaningless as they would then exclude coverage for Claims by an Insured unless it is a "Claim by an Insured brought in its capacity" as an *Insured*. See Dkt. 1-2, pg. 46. Plaintiff's proffered interpretation is illogical and must be rejected. *Port Consol., Inc. v. Int'l Ins. Co. of Hannover, PLC*, 826 F. App'x 822, 827 (11th Cir. 2020) (a contract should not be "interpreted in such a way as to render a provision meaningless when there is a reasonable interpretation that does not do so").

Even if Plaintiff's interpretation of "policyholder" as used in the PL Section is correct (which it is not) and this matter involves Professional Services as defined (which it does not), Exclusion (j)(2) still precludes coverage for this matter. Exclusion (j)(2) precludes coverage for a Claim "alleging, arising out of, based upon or attributable to, directly or indirectly, the performance or failure to perform Professional Services for any person or entity which…owns any Insured or exercises Management Control in respect of any Insured." *Id*. According to the Amended Complaint and Plaintiff's Response, the purported Claim made against him arose from Professional Services he would perform for the Company. A. Compl. ¶¶ 55, 56, and 61; Dkt. 94, pg. 16. However, Plaintiff was a member and an owner of Holdings, LLC and contends the Claim against him was made by another owner of Holdings, LLC. Therefore, Exclusion (j)(2) unambiguously precludes coverage for Plaintiff's dispute with his former employer even if the PL Section is applicable (which it is not). Furthermore, any argument in favor of coverage under the PL Coverage Section fails for the same reason it fails under the D&O Coverage section – no Claim was made against Plaintiff.

## IV. Plaintiff Fails To Plead A Notice of Circumstance For Coverage And That Provision Is Otherwise Inapplicable

Plaintiff argues in opposition to the motion to dismiss that he provided a notice of circumstance under the D&O Section through his correspondence to Underwriters dated November 23, 2019.[5] This is the first time Plaintiff has raised this argument. Plaintiff's argument in this regard should be rejected because the Amended Complaint does not allege that Plaintiff provided Underwriters with a notice of circumstance and none of the documents referenced in the Amended Complaint purport to be a notice of circumstance. *Fin. Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (analysis of a motion to dismiss normally does not consider anything beyond the face of the complaint and documents attached thereto or referenced therein).

Nevertheless, Plaintiff's November 23, 2019 correspondence does not purport to provide a notice of circumstance – it is entitled "Notice of Claim" and therein Plaintiff requests payment for loss, which can only be triggered by a Claim. See Dkt. 42-1, pgs. 2-3. Moreover, Plaintiff's November 23, 2019 correspondence to Underwriters could not have provided a notice of circumstance under the D&O Section for a simple reason – Plaintiff was not the CEO of an Insured Organization or held an equivalent position when the November 23, 2019 correspondence was sent. The D&O notice of circumstance provision requires that the CEO (or similar position) of the Insured Organization provide the notice of circumstance. Dkt. 1-2, pgs. 64-65. Insured Organization is defined to include Holdings, LLC and its subsidiaries, such as Gemini. Dkt. 1-2, pg. 61. Plaintiff contends his employment, including his role as CEO of Holdings, LLC, was

---

[5] Plaintiff also argues that he provided a notice of circumstance under the PL Section. However, as noted above, the PL Section is inapplicable, including the notice of circumstance provision contained therein.

terminated on or about October 24, 2019. A. Compl. ¶ 54; Dkt. 42-1, pgs. 5-6. In addition, Plaintiff tendered his "resignation as a director and officer of [Gemini] and each of its subsidiaries" as well as terminated his "employment agreement with Gemini Financial Services Corporation" on November 4, 2019. Dkt. 42-1, pg. 24. Thus, because Plaintiff was not the CEO of an Insured Organization and did not hold a similar position when he issued the November 23, 2019 correspondence to Underwriters, he could not have provided a notice of circumstance under the D&O Section. See *Navigators Ins. Co. v. Fla. Dep't of Fin. Servs.*, No. 4:12CV491-RH/CAS, 2014 WL 11958628, at *1 (N.D. Fla. Jan. 9, 2014) (interpreting a notice of circumstance to provide coverage for "a claim made later only if a *proper notice* was given within the policy period" (emphasis added)). Therefore, even if one of the written communications referenced in the Amended Complaint after the Policy Period ended meets the definition of a Claim, no coverage exists because no notice of circumstances was provided during the Policy Period.

## CONCLUSION

For the reasons provided herein and in Underwriters' Motion to Dismiss Plaintiff's Amended Complaint and accompanying Memorandum of Law, Plaintiff's Amended Complaint must be dismissed with prejudice because Plaintiff has not and cannot plead a cognizable cause of action against Underwriters. Whether Plaintiff presents his action against Underwriters as a declaratory judgment or a breach of contract, Plaintiff cannot sufficiently allege that a Claim was made (or could be deemed made) against him during the Policy Period.

WHEREFORE, Underwriters respectfully request that this Honorable Court dismiss Plaintiff's Amended Complaint against Underwriters pursuant to Fed. R. Civ. P 12(b)(6) with prejudice, render a judgment that coverage under the Policy has not been triggered, award

Underwriters their fees and costs incurred in defending this action, and award Underwriters any further relief that this Court deems proper and just.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: August 19, 2022 | By: */s/ Kevin Yombor* |

Kevin Yombor
Kaufman Dolowich & Voluck, LLP
100 SE Third Avenue, Suite 1500
Fort Lauderdale, FL 33394
Email: kyombor@kdvlaw.com

Stefan Dandelles
Brendan McGarry
135 S. Lasalle Street
Suite 2100
Chicago, Illinois 60603
Phone: (312) 759-1400
Fax: (312) 759-0402
Email: sdandelles@kdvlaw.com
Email: bmcgarry@kdvlaw.com
***Attorneys for Defendants Certain***
***Underwriters at Lloyd's, London***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 19th of August 2022, I e-filed this document suing the Court's CM/ECF system. I further certify that I am not aware of any non-CM/ECF participants.

By: */s/ Kevin Yombor*

4855-4627-0511, v. 1