UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-82054-CIV-MARRA

JEFFREY B. SCOTT,

Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON SUBSCRIBING TO POLICY NO.
B0901LI1837279 AND RLI INSURANCE
COMPANY,

Defendants.
_____/

## ORDER ON MOTION TO DISMISS[1]

This cause is before the Court upon Defendant Certain Underwriters at Lloyds, London's Motion to Dismiss Plaintiff's Amended Complaint (DE 79).  The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On February 23, 2022, the Court granted Defendant Certain Underwriters at Lloyds, London's ("Defendant") motion to dismiss the Complaint.  The Court held that no claim, as that term is defined in the Professional Liability, Directors & Officer's Liability and Fiduciary Liability Insurance policy number B0901LI1837279 (the "policy") issued by Defendant to Gemini Financial Holdings, LLC[2] ("Gemini"), had been made against Plaintiff, the former CEO,

---

[1] The Court presumes familiarity with its prior Orders.

[2] The Amended Complaint refers to this entity as "Holding Corp." and its subsidiaries. (Am. Compl. ¶ 41.) Holding Corp.'s ownership is held by Holdings, LLC. (Am. Compl. ¶ 42.) The Amended Complaint does not mention

President and Secretary of Gemini. In making that determination, the Court examined several letters sent to Plaintiff in 2019 by his Company and held no claim was made against Plaintiff under the D & O provision of the policy. The Court granted Plaintiff leave to amend the complaint in good faith. (DE 45.)

On June 16, 2022, Plaintiff filed an Amended Complaint against Defendant [3] for a declaratory judgment arising from a dispute between Plaintiff and his employer which led to Plaintiff's termination. (DE 76.) Like the original complaint, the Amended Complaint seeks coverage under the Director and Officer ("D & O") section of the policy. The Amended Complaint also seeks coverage under the Professional Liability ("PL") section of the policy. Under the D & O section, a claim is defined as "a written demand for monetary damages, non-monetary, or injunctive relief against any of its Insureds, to toll or waive a statute of limitations or engage in an arbitration, mediation or other alternative dispute resolution proceeding which shall be deemed first made upon receipt by the Insured of such demand." (Am. Compl. ¶ 22.) Under the PL section, a claim is defined as a written demand for monetary compensation or other relief (including but not limited to non-pecuniary relief or restitution of a compensatory nature), a request to toll or waive the statute of limitations; or . . . (3) investigation inquiry costs . . ." (Am. Compl. ¶ 15.)

The Amended Complaint contains references to the same letters (Am. Compl. ¶ ¶ 55-63) as the original complaint as well as additional communications:

> By letter dated January 27, 2020, the Company's counsel alleged that Mr. Scott's actions posed an "existential threat to the Company" and that Mr. Scott engaged in "large scale destruction."

---

Gemini, despite it being listed as a named insured. For ease of reference, and because the named insured is Gemini, the Court will refer to this entity as Gemini. (Insurance Policy at p. 18, 39 DE 1-2.)

[3] Plaintiff also brings claims against co-Defendant RLI Insurance Company which are not relevant for this motion.

> On November 2, 2021, the Company, through counsel, reasserted their claims against Mr. Scott and made a settlement demand to resolve the pending Claim against Mr. Scott.
>
> On November 4, 2021, the Company, through counsel, confirmed to Mr. Scott, in writing, that a settlement offer was presented.
>
> On January 13, 2022, the Company's counsel also expressed its intention to file a lawsuit against Mr. Scott to recover the Investment Fund's losses realized from the sale of Holdings LLC within the applicable statute of limitations. During this call, Company Counsel reiterated its demand for Mr. Scott to settle the Claim.
>
> On January 23, 2022, the Company sent a time sensitive settlement demand to settle the Claim.
>
> On January 31, 2022, the Company, through counsel, sent correspondence following up on the time sensitive settlement demand and stated that "we're short on time" in terms of resolving the dispute.
>
> On February 14, 2022, Mr. Scott was informed that he had "until the end of the day tomorrow to [send] a signed release."
>
> On February 20, 2022, Mr. Scott entered into a settlement agreement as to the Claim asserted against him.

(Am. Compl. ¶¶ 66-73.)

The policy period ran from December 25, 2018 to December 25, 2019. (Policy, DE 1-2 at p. 19.)  Both the D & O and PL sections of the policy afford coverage for a loss from a "Claim first made" during the policy period. (Policy at p. 41 and 69.)

In moving to dismiss, Defendant states that: (1) Plaintiff and this Court are bound by the prior determination that no claim was made during the policy period; (2) communications made after the policy period ended cannot form the basis of a claim made during the policy period; (3) the PL section of the policy does not apply to Plaintiff and (4) Plaintiff has still failed to allege that a claim, as defined in the policy, was made against him.

Plaintiff responds that he properly pled under the declaratory judgment act that an actual controversy exists between the parties as to whether a claim was made and that the Court may revisit its earlier order. Furthermore, Plaintiff states that there was a claim made under both the D & O and PL sections of the policy. Finally, Plaintiff contends that a November 23, 2019 letter constitutes a "circumstance that may give rise to a claim."

II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

### III. Discussion

The Court begins its analysis by stating that it rejects any argument by Plaintiff that the correspondence sent to him by the company in 2019 constitutes a claim under the D & O section of the policy. The Court rejected that argument previously and does not believe it was erroneous.[4] Thus, one question before the Court is whether the correspondence sent to Plaintiff in 2020-2022 constitutes a claim as defined under the policy.[5]

The Court cannot consider these documents as evidence of a claim for the simple reason that the policy period ran from December 25, 20218 to December 25, 2019, and there is coverage only for a "Claim first made" during the policy period. (Policy, DE 1-2 at p. 19, 41 and 69.) This applies to a claim made under either the D & O policy or the PL policy. Any correspondence relied upon by Plaintiff in the Amended Complaint after December 25, 2019 is irrelevant under the policy.

Plaintiff disagrees and relies upon Navigators Ins. Co. v. Fla. Dep't of Fin. Servs., No. 4:12CV491-RH/CAS, 2014 WL 3887902 (N.D. Fla. Aug. 7, 2014). The underlying dispute in that case concerned coverage under a "claims made" directors and officers liability policy and whether the claims were made within the covered period. Id. at * 1. Navigators addressed renewed summary judgment motions based on additional evidence, including evidence that corrected a fact which had been taken as true in a prior summary judgment order. Id. Based on the Navigators court's consideration of the new evidence that corrected a mistaken assumption

---

[4] Given this holding, it is not necessary to address Defendant's argument that the Court is bound by the "law of the case doctrine." (Mot. at 9.) The Court will simply note, however, that the law of the case does not apply here because there is no binding appellate case, and a district court may change its decision prior to a final judgment. See In re Hubbard, 803 F.3d 1298, 1315 (11th Cir. 2015); Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1289, 1291 (11th Cir. 2005). The Court also rejects Defendant's argument that Plaintiff has not brought a valid declaratory judgment action.

[5] Interpretation of an insurance policy is a matter of law for the Court to decide. Gulf Tampa Drydock Co. v. Great Atl. Ins. Co., 757 F.2d 1172, 1174 (11th Cir. 1985).

made by the court in an earlier ruling, Plaintiff contends that "[c]ourts in Florida look at the factual circumstances that existed before and after the purported 'Claim' date to determine if a 'Claim' was made." (Resp. at 13.) That, however, was not the holding of Navigators. The court in Navigators merely recognized that its prior order relied on an incorrect fact and proceeded from there on an accurate record. There has been no suggestion here that this Court's prior ruling was based upon an incorrect review of the record. Therefore, Plaintiff has not provided the Court with any basis to find that it must consider communications made after the policy period in determining whether a claim has been made.[6]

Next, Plaintiff claims that a November 23, 2019[7] letter constitutes a "notice of circumstance" that may give rise to a claim. (Resp. at 17; Ex. A to DE 94.) This letter is not part of the Complaint and Plaintiff cannot amend his complaint by attaching documents to a response to a motion to dismiss. Jallali v. Nova Se. Univ., Inc., 486 F. App'x 765, 767 (11th Cir. 2012) ("a party cannot amend a complaint by attaching documents to a response to a motion to dismiss"); Bruce v. Homeward Residential, Inc., No. 1:14-CV-3325-MHC-AJB, 2015 WL 5797846, at *17 (N.D. Ga. Aug. 31, 2015) (same). Plaintiff is granted leave to amend for the sole purpose of attempting to assert the November 23, 2019 letter is a "notice of circumstance" which may give rise to a claim under the D & O section of the policy.[8]

---

[6] Interestingly, the Navigator court's prior ruling explicitly stated that a letter asserting a claim must have been delivered during the policy period to trigger a claim. Navigators Ins. Co. v. Fla. Dep't of Fin. Servs., No. 4:12CV491-RH/CAS, 2014 WL 11958628 (N.D. Fla. Jan. 9, 2014). Plaintiff ignores that holding.

[7] In its response memoranda, Plaintiff refers to this letter as dated November 13, 2022. It appears to be a typographical error since the letter is dated November 23, 2019.

[8] At the motion to dismiss stage, the Court cannot rely upon the letters cited by Defendant to defeat this claim. (Reply at 9-10; Oct. 24, 2019 letter and Nov. 4, 2019 letter, DE 42-1 at 5-6, 24.) See Christian v. Southern Co., No. 21-13563, 2022 WL 1815367, at *2 (11th Cir. June 3, 2022). As a result, the Court will not express any opinion at this time as to how that letter might affect the issue of coverage based on a notice of circumstance.

Next, the Court will address the PL provision of the policy. Professional services are defined as "any advice or services or duties actually, or required to be, provided, undertaken, given or rendered by or on behalf of the Insured for or on behalf of a policyholder or a customer or client of an Organization in the ordinary course of its business." (Policy at p. 44.) Under the policy, "an Organization" is an insured and "an Organization" is defined as the "named entity" and "each subsidiary." (Policy at 43-44.) Exclusion (i) bars claims made against an insured "brought by, on behalf of or in the right of any insured; provided, however, this exclusion shall not apply to a Claim by an Insured brought in its capacity as a policyholder or as a customer or client of the Organization." (Policy at p. 46.) Exclusion (j)(2) bars claims made against an insured "alleging, arising out of, based upon attributable to, directly or indirectly, the performance of or failure to perform Professional Services for any person or entity which . . . owns any Insured or exercises Management Control in respect of any Insured" "Provided, however, the above exclusion shall not apply to a . . . Claim . . . brought in its capacity as a policyholder." Id.

There are no allegations in the SAC demonstrating that this matter concerns "professional services." The PL provision does not apply to Plaintiff as a former CEO and employee. Instead, it applies to a policyholder or a person who is customer of Gemini. Moreover, the Amended Complaint states that Gemini operated in the Florida insurance marketplace (Am. Compl. ¶ 41), thus making insurance its ordinary course of business. The allegations relating to Plaintiff do not concern insurance services provided by Gemini or its subsidiaries, but rather concern an underlying employment dispute or a dispute regarding control of the company. Moreover, even if the PL provision applied, the exclusions would still prevent coverage. While Plaintiff claims that these exclusions do not apply because the claim was brought by the company (i.e., the insured)

7

in its capacity as policyholder, the Court finds that an insured under the policy is not a policyholder. A policyholder is one who has acquired a policy of insurance from Gemini. For these reasons, the claim under the PL section of the policy is dismissed.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant Certain Underwriters at Lloyds, London's Motion to Dismiss Plaintiff's Amended Complaint (DE 79) is **DENIED IN PART AND GRANTED IN PART.** Any claims under the PL provision of the policy are dismissed. The only remaining potential claim is under the D & O provision of the policy stemming from a notice of circumstance. Plaintiff is being granted leave to amend to assert such a claim **within 14 days of the date of entry of this Order,** assuming it can be done in good faith.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 2nd day of November, 2022.

KENNETH A. MARRA
United States District Judge