UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-82054-CIV-MARRA

JEFFREY B. SCOTT,

Plaintiff,

vs.

CERTAIN UNDERWRITERS AT LLOYD'S
LONDON SUBSCRIBING TO POLICY NO.
B0901LI1837279 AND RLI INSURANCE
COMPANY,

Defendants.
_____/

## OPINION AND ORDER[1]

This cause is before the Court upon RLI Insurance Company's Motion to Dismiss (DE 135). The Motion is fully briefed and ripe for review. The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I. Background

On February 14, 2023, Plaintiff Jeffrey B. Scott ("Plaintiff") filed a Second Amended Complaint ("SAC") (DE 118) against Defendant Certain Underwriters at Lloyd's London Subscribing to Policy No. B0901lI1837279 ("Underwriters") for a declaratory judgment (count I)[2] and Defendant RLI Insurance Company ("RLI") (collectively, "Defendants") for breach of contract (count II) and estoppel/waiver (count III).

On February 23, 2022, the Court granted Underwriters' motion to dismiss the Complaint. The Court held that no claim, as that term was defined in the Professional Liability, Directors &

---

[1] The Court presumes familiarity with its prior Orders.

[2] This count has been dismissed with prejudice. (DE 158.)

Officer's Liability and Fiduciary Liability Insurance policy number B0901LI1837279 (the "policy") issued by Underwriters to Holdings LLC, had been made against Plaintiff, the former CEO, President and Secretary of Holding Corp[3] under the Director & Officer ("D & O") provision of the Underwriters policy. In making that determination, the Court examined several letters sent to Plaintiff in 2019 by his company. The Court granted Plaintiff leave to amend the complaint in good faith. (DE 45.)

On November 2, 2022, the Court granted in part and denied in part Underwriters' Motion to Dismiss the Amended Complaint. The Court dismissed any claims under the Professional Liability provision of the Underwriters policy. With respect to the D & O provision, the Court reiterated that the 2019 correspondence sent to Plaintiff by the company did not constitute a claim under the Underwriters policy. Furthermore, the Court held the correspondence sent to Plaintiff in 2020-2022 did not constitute a claim under the Underwriter policy. The Court granted Plaintiff leave to amend for the sole purpose to attempt to assert that a November 23, 2019 letter, which was not mentioned in the amended complaint, was a "notice of circumstance" which may have given rise to a claim under the D & O section of the Underwriters policy. (DE 96.)

On June 22, 2023, the Court entered an Order (DE 158) finding that the November 23, 2019 letter did not constitute a notice of circumstances under the Underwriters' policy.

With respect to RLI, the SAC alleges that at one point in time RLI determined that a November 13, 2019 letter[4] constituted a claim under its policy, but on March 9, 2022, RLI

---

[3] Holding Corp.'s ownership was held by Holdings, LLC.

[4] The Court previously ruled that this letter did not constitute a claim with respect to the Underwriters' policy. (DE 45.)

informed Plaintiff that its "prior conclusion that the November 2019 Letter constitutes a 'Claim' as defined by the RLI Policy appears to have been erroneous." (SAC ¶¶ 89, 146.)[5]

According to the SAC, the RLI insurance policy defines a claim as "a written demand for monetary or non-monetary relief against any Insured Person; or a written notice to the Insurer of circumstances or Wrongful Acts which may reasonably give rise to a Claim, as described in Section 7 of this Policy." (SAC ¶ 27; RLI Policy, Definitions 3(a) and (g), DE 1-2.) The "notice/claim reporting provision" of the policy provides that insureds have the "sole discretion" to give notice to the insurer. (RLI Policy III(7).) Under this provision, the insured's written notice must describe the circumstance or "Wrongful Act", identify the potential claimants, describe the consequences which have resulted or may result, explain how the insured first became aware of the circumstances or Wrongful Act and request coverage for a subsequent claim arising from the circumstance or Wrongful Act. (Id. at III(7)(a-c).) The SAC alleges that the November 23, 2019 letter was a notice of circumstances. (SAC ¶ 74 n.7.)

RLI moves to dismiss both counts of the SAC. With respect to the breach of contract claim, RLI contends that, based on the Court's previous findings with respect to co-Defendant Underwriters, the letters sent to Plaintiff by his former employer both during and after the policy period do not satisfy the definition of a claim in the RLI policy, the definition of which is substantively identical to the Underwriters' policy. RLI also contends that Plaintiff did not elect to send a notice of circumstances and the November 23, 2019 letter does not satisfy the notice of circumstances provision.

With respect to the claim for estoppel/waiver, RLI argues this claim is not cognizable because there is a written contract that governs the dispute. RLI states that Plaintiff cannot plead

---

[5] On April 29, 2022, RLI filed its Answer to the Complaint (DE 56) and on July 22, 2022, RLI filed its Amended Answer to the Amended Complaint (DE 89).

estoppel/waiver to a "no claim" denial of coverage when RLI reserved its right to deny coverage. Nor can Plaintiff allege this claim because under the policy: (1) any advancement was subject to a right of repayment; (2) RLI was entitled to rely on the cooperation clause; (3) RLI paid all amounts in question so there is no prejudice to Plaintiff and (4) there was no contractual guarantee that RLI would consent to any negotiation of the alleged claim.

Plaintiff responds that RLI received notice of the company's demand for monetary or non-monetary relief against Plaintiff during the policy period, as RLI acknowledged, and whether a claim was made presents issues of fact. With respect to the estoppel/waiver claim, Plaintiff argues that it would be unjust to let RLI change its position three years after Plaintiff detrimentally relied on RLI's representation that coverage would be available for all or part of the controversy. Lastly, Plaintiff states that RLI waived its right to file a motion to dismiss.

In reply, RLI points out that Plaintiff did not object in his response to the Court's consideration of extrinsic evidence relied upon by RLI.

II.  Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.

Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

   III.  Discussion

With respect to the breach of contract claim, the Court relies on the reasoning of its prior Orders pertaining to the Underwriters policy which is substantively similar to RLI's policy with respect to the definition of a "claim" and "notice of circumstances."  With respect to the definition of a "claim," both policies require a written demand for relief.  The Court previously reviewed the letters upon which Plaintiff relies and determined that the letters sent to Plaintiff by his former employer during and after the policy period did not satisfy the claim provision.[6]  Likewise, the Court previously held that the November 23, 2019 letter did not constitute a notice of circumstances under the Underwriters policy.  Incorporating the reasoning of its prior Orders, the Court dismisses with prejudice the breach of contract claim against RLI.

Nonetheless, Plaintiff contends that RLI waived its right to bring this motion to dismiss because Plaintiff did not materially amend its pleading and RLI previously answered the prior pleadings.  (DE 145 at 2 n.1.)  The cases upon which Plaintiff relies are inapposite. In Zo Skin Health, Inc. v. Salz, No. 14-CIV-21376, 2014 WL 4185385, at *1 (S.D. Fla. Aug. 22, 2014), the defendant filed an answer to the complaint and then filed a motion to dismiss to the same

---

[6] RLI points out that there is an additional letter dated January 27, 2020 which was arguably related to coverage under the RLI policy but did not constitute a claim. Notably, Plaintiff's response does not argue that this letter constitutes a claim. There is only a passing reference to this letter in the SAC. (SAC ¶ 64.)

complaint. Here, RLI filed a motion to dismiss to an amended pleading. In Inter-Tel, Inc. v. W. Coast Aircraft Eng'g, Inc., No. 804CIV2224T17MSS, 2006 WL 890010 (M.D. Fla. Mar. 31, 2006), the defendant's attorney "specifically waived any opportunity to oppose the complaint." Id. at * 2.  Lastly, the complaint in Regions Bank v. Commonwealth Land Title Ins. Co., No. 11-23257-CIV, 2012 WL 5410948, at *3 (S.D. Fla. Nov. 6, 2012) concerned a "non-substantive amendment" by interlineation wherein the plaintiff merely changed the issuance date of a policy. Here, the SAC includes an entirely new theory of liability relating to a notice of circumstances. Thus, the fact that RLI answered a prior complaint which asserted a different theory of liability does not constitute a waiver of its ability to move to dismiss the instant amended complaint.

As to Plaintiff's argument that because RLI accepted notice of a claim with knowledge that Underwriters had determined no claim had been made, the breach of contract claim should proceed, the Court concludes this theory of liability applies to the promissory estoppel/waiver claim and not the breach of contract claim.

Turning to the estoppel/waiver claim, the Court will permit it to proceed.  The elements of estoppel are: "(1) a representation as to a material fact that is contrary to a later-asserted position; (2) a reasonable reliance on that representation; and (3) a change in position detrimental to the party claiming estoppel caused by the representation and reliance thereon." Romo v. Amedex Ins. Co., 930 So. 2d 643, 650 (Fla. Dist. Ct. App. 2006).  Promissory estoppel "may be utilized to create insurance coverage where to refuse to do so would sanction fraud or other injustice." Crown Life Ins. Co. v. McBride, 517 So. 2d 660, 662 (Fla. 1987).

Here, the SAC alleges that RLI represented to Plaintiff on April 29, 2020 that the November 13, 2019 letter constituted a claim under the policy, that RLI changed its position on whether a claim was made, and Plaintiff detrimentally relied on RLI's representations. (SAC ¶¶

6

136, 139, 144, 146-47.)  Based on these allegations, the Court finds that this claim is properly pled.

RLI, however, asserts that an estoppel claim is not cognizable when there is a written contract that covers the dispute. (Mot. at 13.)[7]  RLI relies upon Frayman v. Douglas Elliman Realty, LLC, 515 F. Supp. 3d 1262 (S.D. Fla. 2021) in support of this position.  While Frayman does state that "promissory estoppel is unavailable when there is a written contract between the parties covering the disputed promises," Frayman also states that "[u]ntil an express contract is proven, a motion to dismiss a claim for promissory estoppel on these grounds is premature." Id. at 1292. At this point in the litigation, where an express contract has only been alleged, not proven, the Court cannot conclude, as a matter of law, that promissory estoppel is not an available remedy for Plaintiff.

Equally unpersuasive is RLI's argument that an estoppel claim cannot succeed because RLI reserved its rights. In support, RLI relies upon reservation of rights letters, and notes that Plaintiff has not objected to the Court's consideration of this extrinsic evidence. The Court disagrees.  Regardless of the parties' positions, the Court cannot consider extrinsic evidence at the motion to dismiss stage. Christian v. Southern. Co., No. 21-13563, 2022 WL 1815367, at *2 (11th Cir. June 3, 2022)

Finally, RLI argues that the SAC's allegations of detrimental reliance or prejudice are legally inadequate considering the policy language regarding RLI's right to repayment, the policy's cooperation clause and the fact that RLI has paid the amounts in question. Many of these arguments rely upon extrinsic evidence.  As such, factual issues prevent the Court from

---

[7] The Court cites to the page of the brief, not the page number assigned by CM/ECF.

making a legal determination on the question of detrimental reliance at this stage of the proceeding.

For the foregoing reasons, the RLI's motion to dismiss is granted in part and denied in part. The motion to dismiss the breach of contract claim is granted and the motion to dismiss the promissory estoppel claim is denied.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that RLI Insurance Company's Motion to Dismiss (DE 135) is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 5th day of July, 2023.

KENNETH A. MARRA
United States District Judge